|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| ELGIN TRAMMELL, | ) | |
|---|---|---|
| Plaintiff, | ) | No. EDCV 17-5255- AG (AJW) |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | **DISMISSING COMPLAINT** |
| JIM MCDONNELL, et al., | ) | **WITH LEAVE TO AMEND** |
| Defendants. | ) | |

## Proceedings

Plaintiff, proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C § 1983 on July 17, 2017. [Dkt. 1]. On October 10, 2017, plaintiff filed a Supplement to the Complaint, in which he amended his request for relief. [Dkt. 17]. At the time he filed the complaint, plaintiff was incarcerated in the Los Angeles Mens' Central Jail. Based upon his notice of change of address [Dkt. 12], it appears that plaintiff has been released from custody. The Complaint, which names defendant Jim McDonnell, the Los Angeles County Sheriff, and Does 1-100, alleges six causes of action. As relief, plaintiff seeks work credits, an adjustment of his release date, and monetary damages, including $2,000,000 for pain and suffering, $1,000,000 for making it difficult for him to obtain his inmate trust account statement, another $4,000,000 for denial of his right to practice his religion and for removing him from his job as trustee in retaliation for his filing grievances, and $1000 a day for each day he was exposed to raw sewage. [Dkt. 17 at 2]. For the

following reasons, the complaint is dismissed without prejudice and with leave to amend.

**Standard governing dismissal**

Complaints such as plaintiff's are subject to the Court's sua sponte review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. § 1915A(a). Pursuant to the PLRA, the court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b); see Lopez v. Smith, 203 F.3d 1122, 1126-1127 & n. 7 (9th Cir.2000) (en banc). In determining whether dismissal is warranted for failure to state a claim, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6): "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In applying the foregoing standard, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(stating that "we continue to construe pro se filings liberally when evaluating them under Iqbal," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (citation omitted). In giving liberal interpretation to a pro se complaint, however, the Court may not supply essential elements of a claim that were not initially pled, Byrd v. Maricopa County Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir.), cert. denied, 563 U.S. 1033 (2011), and the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Finally, where a complaint is subject to dismissal for failure to state a claim, the court must provide a pro se litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar, 698 F.3d at 1212 (internal quotation marks omitted); see Lopez , 203 F.3d at 1130.

**1. Defendant Jim McDonnell**

Plaintiff sues Jim McDonnell, the Sheriff of Los Angeles County in both his individual and official capacities. [Dkt. 1 at 3]. The only allegations regarding McDonnell's part in the alleged deprivation of plaintiff's civil rights are: "misuse of power possessed by virtue state law" and "acted together with or obtained significant aid from state officials." [Dkt. 1 at 3].

The Complaint lacks allegations sufficient to state a claim against McDonnell in his individual capacity as a supervisor. For example, plaintiff does not allege that McDonnell formulated an official policy or custom that resulted in any of the alleged deprivations he suffered while in custody. Nor does plaintiff allege that McDonnell failed to properly train or supervise his Sheriff's Department personnel. See Edgerly v. City and County of San Francisco, 495 F.3d 645, 660 (9th Cir. 2007).

The Complaint also fails to state a claim against McDonnell in his official capacity. Because a suit against a public employee in his official capacity is a suit against the employee's employer, plaintiff's claims against McDonnell in his official capacity are claims against the County of Los Angeles. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Butler v. Elle, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002); see generally, Streit v. County of Los Angeles, 236 F.3d 552, 564–565 (9th Cir.) (stating that the Sheriff "when functioning as the administrator of the local jail, is a County actor"), cert. denied, 534 U.S. 823 (2001). To properly allege a Section 1983 claim against a municipal entity such as the County, a plaintiff must allege constitutional violations affecting him occurred pursuant to an official municipal custom or policy. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Further, the details of the policy or custom need to be alleged with enough specificity to raise them beyond a "formulaic recitation of a cause of action's elements." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir 2011), cert. denied, 569 U.S. 904 (2013). They must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "plausibly suggest an entitlement to relief." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir.2012). In addition, a plaintiff must allege there is "a 'direct causal link' between the [municipal] policy or custom and the [plaintiff's] injury, and [plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.' " Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citation omitted).

The Complaint fails to identify any policy or custom, fails to describe the details of such policy or custom, and fails to include any factual allegations that would demonstrate that the policy or custom was the cause of plaintiff s injury. As a result, the Complaint fails to state a claim for relief against the County. See Arrieta v. Cty. of Kern, 2014 WL 2801048, at *5–7 (E.D. Cal. June 19, 2014) (holding that the complaint failed to state a Monell claim where it alleged that the County "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above" but failed to "clearly identify what such a policy would look like").

**2. First Amendment**

Plaintiff alleges that he was deprived of his First Amendment "right to exercise my religion and to file grievances." According to plaintiff, at various times from June 6, 2017 to June 13, 2017, unnamed jail employees failed to feed him his Islamic Ramadan meals. Further, on June 10, 2017, after not eating for "approximately two days," plaintiff was so hungry that he "wolfed a store bought sausage down [and] a piece of sausage became lodged in his throat." Plaintiff "almost killed hi[m]self" by eating so fast. He was rushed to "emergency medical" because he could not breath. [Dkt. 1 at 5]. Based upon plaintiff's administrative grievances, it appears that during the week of June 6, 2017, plaintiff either was not provided with certain Ramadan meals or he did not receive the meals before sunrise and so was precluded from eating them. [See Dkt. 1 at 10-13].

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). Prisoners have a right to be provided with food sufficient to sustain them in good health and which satisfies the dietary laws of their religion. See McElyea v. Babbit, 833 F.2d 196, 198 (9th Cir.1987). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

From the allegations of the complaint and the attached grievances, it appears that during a one week

4

period, plaintiff was either not provided with Ramadan meals or he was provided with the Ramadan meals after sunrise, which prevented him from eating them. While either may have impinged upon plaintiff's religious practice for a few days, plaintiff's allegations reveal that these intrusions were "relatively short-term and sporadic" and did not constitute a substantial interference. See Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) ("While [the defendant]'s evangelizing may have constituted an intrusion upon Canell's prayers on some occasions during the brief period involved, we agree with the district court's conclusion that these intrusions were 'relatively short-term and sporadic' and did not constitute a substantial interference); see generally Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.1997) (stating that a mere inconvenience does not give rise to a First Amendment violation; the burden imposed must be substantial).

**3. Access to the court**

Plaintiff alleges that he has been denied access to the court because jail personnel have refused to provide him with a summary of the transactions in his prison trust account. According to the Complaint, plaintiff requested a copy of his prison trust account transaction history, but he received no response. Later, when plaintiff's daughter called "the legal department" to inquire, she was told that plaintiff did not have a right to his transaction history because he was "not pro per." Plaintiff alleges that "this is essentially stating that [plaintiff] has no right to access the U.S. District courts because the same courts require the transaction history to process complaints." [Dkt. 1 at 14-17]. On July 27, 2017, plaintiff filed a copy of his prison trust account statement. [Dkt. 5].

In order to state a claim of denial of access to the court, a prisoner must allege an "actual injury" by showing that the defendants' conduct "hindered his efforts to pursue a [nonfrivolous] legal claim.'" Lewis v. Casey, 518 U.S. 343, 351-353 & n. 3 (1996); see Nevada Dep't of Corr. v. Greene 648 F.3d 1014, 1018 (9th Cir. 2011) ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. It is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'") (quoting Lewis, 518 U.S. at 348-349); Allen v. Sakai, 48 F.3d 1082, 1090 (9th Cir. 1994) (stating that to allege an actual injury, a plaintiff "must identify some specific instance in which he was actually denied access to the courts'") (internal quotation marks and brackets omitted), cert. denied, 514 U.S. 1065 (1995).

Plaintiff fails to state a claim because he does not allege facts plausibly suggesting that he suffered

an actual injury. Plaintiff has been able to file his complaint notwithstanding defendant's alleged failure to fulfill his constitutional obligation. Indeed, plaintiff has also been able to submit his prison trust account statement to the Court.

**4. Retaliation**

Plaintiff alleges that he was removed from his position as a trustee in retaliation for his complaints about being deprived of his religious meals. In his "supporting facts," however, plaintiff makes the inconsistent allegation that he and another Black inmate were removed from their trustee positions because they complained about being housed with a large number of Hispanic inmates and refused to "continue to be subjected to the intimidation and discrimination" resulting from such a housing arrangement. When plaintiff asked why he was removed as a trustee, he was initially told that there was a medical reason, but then was told that there was no medical order for termination. As a result of being removed from his trustee position, plaintiff lost his eligibility to earn sentence credits. [Dkt. 1 at 21-22].

In order to state a viable claim of retaliation, plaintiff must allege: (1) a state actor took adverse action against him, (2) the adverse action was substantially motivated by plaintiff's protected conduct (3) the adverse action chilled plaintiff's exercise of his First Amendment rights, and (4) the adverse action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005). An inmate grievance about prison conditions or treatment by prison officials is protected activity. See Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The adverse action necessary to support a retaliation claim need not be so serious as to amount to a constitutional violation itself. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Nevertheless, "insignificant" or "de minimis" retaliatory acts are not actionable. Ransom v. Aguirre, 2013 WL 398903, at *4 (E.D. Cal. Jan. 31, 2013). "[T]he proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-569. If the plaintiff does not allege a chilling effect, allegations of other harm may suffice "since harm that is more than minimal will almost always have a chilling effect." Rhodes, 408 F.3d at 567 n.11.

The Complaint alleges that on June 8, 2017, plaintiff was removed from his job in retaliation for his complaints about being denied his religious meals. However, based upon the copies of plaintiff's grievances

6

included as part of the Complaint, it appears that almost all of his complaints about his religious meals were made <u>after</u> that date.[1] If this is true, then the adverse action taken against plaintiff occurred before jail officials received plaintiff's complaints, so they could not have been motivated by plaintiff's protected conduct. See <u>Brodheim</u>, 584 F.3d at 1271 (explaining that the plaintiff's constitutionally protected activity must be the "substantial or motivating factor behind the defendant's conduct"); <u>Martin v. Loadholt</u>, 2015 WL 641611, at *4 (E.D. Cal. Feb. 13, 2015) (finding that the plaintiff could not prevail on a First Amendment retaliation claim where his grievance was written after the defendant took the allegedly adverse action, since the defendant's action could not have been taken "because of" plaintiff's grievance), <u>report and recommendation adopted</u>, 2015 WL 1746514 (E.D. Cal. Mar. 30, 2015), <u>aff'd</u>, 2016 WL 4474823 (9th Cir. Aug. 25, 2016).

**5. Cruel and Unusual Punishment – Starvation and Uncomfortable Housing**

Plaintiff alleges that he has been "punished by prolonged starvation, numerous housing moves, [and] loss of work-credits." The "numerous housing moves" refers to a period of six days from June 8, 2017 to June 13, 2017 during which plaintiff was placed in "numerous holding cells" requiring him to sleep either on the floor or a concrete bench "for hours on several occasions." The "starvation" occurred during the same period when plaintiff was not provided food at the appropriate time during Ramadan, because he could not eat during daylight hours. [Dkt. 1-1 at 2].

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. An Eighth Amendment violation may exist when a prisoner is deprived of the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1312-1313 (9th Cir.), <u>amended</u>, 75 F.3d 448 (9th Cir.), <u>cert. denied</u>, 516 U.S. 916 (1995). Prison conditions are cruel and unusual if they result in the wanton and unnecessary infliction of pain. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981). To state an Eighth Amendment claim, the plaintiff first must make an "objective" showing that the deprivation was "sufficiently serious" to constitute an Eighth Amendment

---

[1] Plaintiff's first grievance complained about his meal being late on both June 6, 2017 and June 7, 2017 [Complaint at 9-10]. The grievance itself is not dated. At the earliest, it could not have been submitted to jail officials earlier than June 7, 2017.

7

violation.[2]

Plaintiff's allegations of a six day period of delayed religious meals and "hours" sleeping on hard surfaces fail to state a claim because they allege no more than de minimis harm. See 42 U.S.C. § 1997e(e) (prohibiting prisoner actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (applying 42 U.S.C. § 1997e(e) to an action filed by a pretrial detainee and requiring that challenged conditions of confinement cause physical harm that is more than de minimis ). The Complaint fails to allege an objectively serious deprivation. See, e.g., Hutto v. Finney, 437 U.S. 678, 686-687 (1978) (when considering the conditions of confinement, the court should consider the length of time during which the prisoner was subjected to the condition); Anderson, 45 F.3d at 1314-1315 (temporary placement in a safety cell that was dirty and smelled bad did not constitute infliction of pain); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without a mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989); Holloway v. Gunnell, 685 F.2d 150 (5th Cir.1985) (no claim stated where the prisoner forced to spend two

---

[2] An Eighth Amendment claim also requires the plaintiff to make a "subjective" showing by demonstrating that the defendant acted with culpable state of mind. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), cert denied, 532 U.S. 1065 (2001). A plaintiff may satisfy the subjective component by showing the defendants acted with deliberate indifference, in that the defendants knew that the plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it. See Farmer, 511 U.S. at 847; Wilson, 501 U.S. at 303; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Although unclear, plaintiff may have been a pretrial detainee at the time of the alleged constitutional deprivations. If so, plaintiff's conditions of confinement claims would be evaluated under the Fourteenth Amendment substantive due process standard. Jones v. Blanas, 393 F.3d 918, 931-932 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005). The Ninth Circuit previously has applied a single "deliberate indifference" standard to § 1983 claims, regardless of whether the plaintiff brought an Eighth Amendment claim as a convicted inmate or a Fourteenth Amendment claim as a pretrial detainee. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010), overruled on other grounds, Castro v. City of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 831 (2017); see Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment ... we apply the same standards"). Recently, however, the Ninth Circuit clarified that a less stringent formulation of the "deliberate indifference" standard applies to pretrial detainees. Castro, 833 F.3d at 1068–1071 (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2470 (2015)). Thus, a plaintiff asserting deliberate indifference under the Fourteenth Amendment "need not prove those subjective elements about the [defendant's] actual awareness of the level of risk." Castro, 833 F.3d at 1070–1071. Under either test, plaintiff has not alleged that any defendant knew that the allegedly unconstitutional conditions of confinement created a substantial risk of serious harm to plaintiff.

8

days in hot dirty cell with no water); Centeno v. Wilson, 2011 WL 836747, at *3 (E.D. Cal. Mar.4, 2011) (sleeping on the cold floor without mattress or blanket for seven days did not violate the Eighth Amendment), aff'd, 479 Fed. Appx. 101 (9th Cir. 2012); Cooksey v. Hennessey, 2007 WL 2790365, at *2 (N.D. Cal. Sept. 20, 2007) (allegation that a pretrial detainee was housed for one week in cells where the toilets were on timed flushes, with flushing occurring not more than twice every 15-20 minutes failed to state a claim under the Fourteenth Amendment; concluding that the allegations "do not suggest any harm or even a serious risk to his health, but instead a short-term inconvenience").

**6. Due Process**

Plaintiff alleges that the Los Angeles Sheriff's Department has not awarded him conservation work program credits according to California guidelines. When plaintiff complained about this, he was informed that his release date of September 17, 2017 would be earlier once his work credits were awarded. He complains that the work credits are "not fully pre-awarded." [Dkt. 1-1 at 4].

Plaintiff has been released from jail. Thus, it appears that whatever credit he was due may have been awarded to him.

**7. Cruel and Unusual Punishment – Unsanitary Conditions**

Plaintiff alleges that from approximately February 26, 2017 to June 6, 2017, he was "forced to live in unsanitary condition of raw sewage from the toilet and urinal." On two occasions, the toilet was fixed, but it began to leak again within two days after the repair. As a result of the conditions, plaintiff suffered a rash on his legs, upper back, and both arms. He requested medical treatment on June 5, 2017, but did not receive it. [Dkt. 1-1 at 11].

"Functioning plumbing, including toilets, sinks and showers, is a basic necessity of civilized life. The provision of adequate means of hygiene, and the sanitary disposal of bodily wastes so that the wastes do not contaminate the cells, are constitutionally required." Martino v. Carey, 563 F. Supp. 984, 999 (D. Or. 1983); Dawson v. Kendrink, 527 F. Supp. 1252, 1287 (S.D. W. Va. 1981). Prisoners have a right to sanitation. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). When considering the conditions of confinement, the Court should consider the amount of time to which the prisoner was subjected to the condition. See Hutto, 437 U.S. at 686-687. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain

within the meaning of the Eighth Amendment." Anderson, 45 F.3d at 1314; see Fields v. Ruiz, 2007 WL 1821469 at *7 (E.D. Cal., June 25, 2007) (holding that a prisoner alleging that he was confined in a cell with an overflowing toilet for 28 days was not "seeking compensatory damages for mental or emotional injuries"; for Eighth Amendment claims, "the issue is the nature of the deprivation, not the injury"), report and recommendation adopted, 2007 WL 2688453 (E.D. Cal. Sept. 10, 2007). The Complaint states a claim based upon insanitary conditions.

Based upon the foregoing defects, plaintiff has three options:

(1) Plaintiff **may continue this action in this court** by filing a document labeled **"First Amended Complaint" ("FAC")** bearing case number CV17-5255-AG (AJW) within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must correct the deficiencies in plaintiff's claims described above. The First Amended Complaint supersedes the original complaint, so it must include all claims that plaintiff intends to pursue.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to file an amended complaint will be construed as an indication that plaintiff wishes to continue this action in this court, but to do so solely on the basis of his claim concerning alleged unsanitary conditions. If plaintiff chooses this option, then plaintiff's other claims will be dismissed with prejudice. Plaintiff will be able to appeal the dismissal of his other claims after his claim of unsanitary conditions is resolved and a final judgment resolving the entire action is entered. Cf. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this court's order. See Edwards, 356 F.3d at 1063-1066.

\\

**Plaintiff is cautioned that failure to respond within the time permitted by this order may result in the dismissal of this action with prejudice**.

**IT IS SO ORDERED.**

Dated: October 25, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge